```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ELAINE PLASTERAS, et al., | CIVIL ACTION NO. 07-5285 (MLC) |
| Plaintiffs, | **MEMORANDUM OPINION** |
| v. |  |
| KINDERCARE LEARNING CENTERS, INC., et al., |  |
| Defendants. |  |

**THE COURT**, on November 27, 2007, having ordered the plaintiffs to show cause why the complaint should not be dismissed for lack of jurisdiction under 28 U.S.C. § ("Section") 1332 (dkt. entry no. 3, Order to Show Cause ("OTSC")); and the Court examining jurisdiction sua sponte in this action to recover damages for personal injuries, brought initially against the defendants Kindercare Learning Centers, Inc. ("KLC"), Knowledge Learning Corporation ("KWC"), and Kindercare Real Estate, LLC ("KLLC") only ("Federal Action") (dkt. entry no. 1, Compl.), see Fed.R.Civ.P. 12(h)(3) (stating court to dismiss complaint if jurisdiction lacking); and the plaintiffs asserting, and bearing the burden of demonstrating, jurisdiction under Section 1332 (Compl., at 2), see Davis v. Union Pac. R.R. Co., 224 Fed.Appx. 190, 191 (3d Cir. 2007); and the plaintiffs having ample notice of the Court's concerns as to their failure to properly allege jurisdiction (see OTSC, see also dkt. entry no. 7, 12-26-07 Order Vacating OTSC); and the Court providing the plaintiffs ample warning that, as they are represented by counsel, the Court

"should not need to underscore the importance of adequately pleading and proving diversity", CGB Occ. Therapy v. RHA Health Servs., 357 F.3d 375, 382 n.6 (3d Cir. 2004); and

**IT APPEARING** that the plaintiffs are New Jersey citizens (Compl.); and the plaintiffs initially alleging that both KLC and KWC are incorporated in Oregon (Compl., at 2-3); but it being apparent from Westlaw's Corporate Records library that KLC and KWC are incorporated in Delaware (see also dkt. entry no. 12, Am. Ans., at 2 (stating same)); and thus it being apparent that the plaintiffs failed to properly investigate the citizenship of the parties before bringing the Federal Action;[1] and

**THE PLAINTIFFS** initially alleging that KLLC is a corporation (Compl., at 3); but it appearing that KLLC is a limited liability company; and it appearing that limited liability companies are (1) unincorporated associations, and (2) deemed citizens of each state in which their members are citizens, not the states in which they were formed or have their principal places of business, Carden v. Arkoma Assocs., 494 U.S. 185, 195-97 (1990); and it appearing also that each membership layer of a limited liability company must be analyzed to determine its citizenship, Belleville Catering Co. v. Champaign Mkt. Place, 350 F.3d 691, 693 (7th Cir. 2003) (concerning member that was itself a limited

---

[1] KLC is a citizen of Delaware and Oregon, and KWC is a citizen of Delaware and either Oregon or California. (OTSC, at 1; Am. Ans., at 2.)

liability company), Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003) (stating citizenship of unincorporated association to be traced through each layer); and

**THE PLAINTIFFS** then asserting that KLLC is comprised of five individuals ("Five People"), four of whom are Oregon citizens and one of whom is a California citizen (dkt. entry no. 11, Am. Compl., at 3); but it appearing that KLLC's sole member is actually KLC, and thus is deemed a citizen of Delaware and Oregon only (Am. Ans., at 2); and it appearing — again — that the plaintiffs failed to properly investigate the citizenship of the parties before bringing the Federal Action; and

**THE PLAINTIFFS** then amending the complaint to assert a claim against the defendant KC Propco, LLC ("KCP") (Am. Compl.); and the plaintiffs alleging that KCP is comprised of the Five People (Am. Compl., at 4); but the defendants advising that KCP is a limited liability company, and that:

> [KCP's] sole member is KC Mezco I, LLC.  The sole member of KC Mezco I, LLC is KC Mezco II, LLC, whose sole member is KC Propco Holding I LLC. KC Mezco I, LLC, KC Mezco II, LLC and KC Propco Holding I, LLC are all Delaware limited liability companies

(Am. Ans., at 2); and it appearing — again — that the plaintiffs failed to properly investigate the citizenship of the parties; and it appearing that the plaintiffs are not saved by the defendants' allegations, as the defendants do not properly analyze KCP's citizenship, see supra, at 2-3 (discussing analysis of limited liability company's membership through each layer); and

3

**THE COURT**, due to the plaintiffs' deficient allegations, still being unable to determine if they are deemed "citizens of different States" in relation to each defendant, i.e., KCP, 28 U.S.C. § 1332(a)(1); and thus it appearing that the plaintiffs brought the Federal Action without knowing whether jurisdiction existed, see Techstar Inv. Partn. v. Lawson, No. 94-6279, 1995 WL 739701, at *4 (E.D. Pa. Dec. 8, 1995) (stating unsupported Section-1332-jurisdiction allegation may violate Federal Rule of Civil Procedure ("Rule") 11), see also Cohen v. Kurtzman, 45 F.Supp.2d 423, 436-38 (D.N.J. 1999) (granting motion under Rule 11 for unsupported jurisdiction allegation), Hussey Copper v. Oxford Fin. Group, 121 F.R.D. 252, 253-54 (W.D. Pa. 1987) (same); and

**THE COURT** already advising the plaintiffs that a dismissal here would be without prejudice to recommence the action in state court, as the limitations period for the cause of action is tolled by the filing of the federal complaint (OTSC, at 4), see Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007), Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980); and it further appearing — from Westlaw's "Dockets - New Jersey - State & Federal Courts" library — that the plaintiffs brought a protective action in New Jersey Superior Court, Monmouth County, under No. L-5661-07 ("State Action") on November 28, 2007, which was one day after the Court issued the Order to Show Cause; and it appearing that "[t]here is nothing necessarily inappropriate .

4

. . about filing a protective action" in state court while an action is pending in federal court, Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 294 n.9 (2005); but it appearing that the plaintiffs failed to abide by Local Civil Rule 11.2, which requires them to certify to the Court whether the matter in controversy in the Federal Action "is the subject of any other action pending in any court, . . . and, if so, . . . identify each such action . . . and all parties thereto"; and the Court being authorized to impose harsh penalties when enforcing the Local Civil Rules, see Kabacinski v. Bostrom Seating, 98 Fed.Appx. 78, 82 n.3 (3d Cir. 2004), United States v. 11 Vehs., Their Equip. & Accessories, 200 F.3d 203, 214 (3d Cir. 2000); and

**THE COURT** intending to permit no further waste of federal judicial resources by the plaintiffs; and it appearing that the plaintiffs will suffer no prejudice, in view of (1) the tolling of the limitations period, and (2) the pending State Action; and the Court thus intending to dismiss the complaint without prejudice to proceed in state court; and for good cause appearing, the Court will issue an appropriate order and judgment.

                                              s/ Mary L. Cooper
                                          **MARY L. COOPER**
                                          United States District Judge

**Dated:**   April 28, 2008